IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

LEAMON L. TATUM, #200389,  \*

    Plaintiff,  \*

    v.                    CIVIL NO. WDQ-10-2565

              \*

MARYLAND DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONAL  \*
SERVICES, et al.,

              \*

    Defendants.

               \*\*\*

## MEMORANDUM OPINION

Leamon L. Tatum sued the Maryland Department of Public Safety and Correctional Services ("DPSCS"), Lynnel Copes-Parker, and Jeremy Sowers ("the Defendants") under 42 U.S.C. § 1983 for violating his Eighth Amendment rights. Pending is the Defendants' motion to dismiss or for summary judgment. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the following reasons, the motion will be granted.

I. Background[1]

Tatum is an inmate at Patuxent Institution in Jessup, Maryland. ECF No. 1. In 2004, while he was confined at Eastern Correctional Institution ("ECI"), Tatum was prescribed Atenolol, a beta-blocker which caused him to suffer episodes of dizziness and unconsciousness. ECF No. 1. On September 1, 2008, Tatum fell unconscious and was brought to the hospital. ECF No. 18, Exs. A & B. He returned to ECI on September 3, 2008. *Id.* He was taken off Atenolol and given a different hypertension medication. ECF No. 18, Ex. D.

On November 4, 2008, Tatum was cleared for work. ECF No. 18, Ex. A. On December

---

[1] On summary judgment, Tatum's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

16, 2008, Tatum was assigned to sanitation duty, but requested a medical reevaluation. *Id.* He was reevaluated by physician assistant Ford on December 30, 2008. *Id.* Ford placed Tatum on "no work" status and ordered that he receive a bottom bunk and only be handcuffed in front without a box. *Id.*

On February 27, 2009, Dr. Aster Berhane determined that Tatum was capable of performing light duty work, including sanitation duties that did not require lifting more than ten to 15 pounds. *Id.* Based on Berhane's recommendation, Lynnel Copes-Parker, Tatum's case manager at ECI, assigned Tatum to the wait list for sanitation duty. *Id.*

On July 1, 2010, Tatum was transferred to Roxbury Correctional Institution ("RCI"). His new case manager, Jeremy Sowers, told Tatum that he would be recommended for sanitation duty. ECF No. 18, Exs. A & C. When Tatum stated that he was not supposed to work, Sowers told him that the December 2008 "no work" order was outdated. ECF No. 18, Ex. C. Sowers told Tatum that he could submit a sick-call encounter form and request to be evaluated by RCI's medical staff. *Id.*

Tatum states that the Atenolol gave him an "incurable and life-threatening disease" and was responsible for his 2008 diagnosis of sick sinus syndrome. ECF Nos. 1 & 20.[2] He states that Copes-Parker and Sowers violated his "no work" order by assigning him to custodial duties. ECF No. 20. He states that his work status was changed without medical evaluation, and his

---

[2] In 2009, Tatum sued Correctional Medical Services ("CMS") for prescribing Atenolol, which he argued caused his sick sinus syndrome, and violated the Eighth Amendment. This Court granted summary judgment to CMS on those claims because Tatum showed no deliberate indifference. *Tatum v. Correctional Med. Servs.*, 2009 WL 3379547 at *6 (D. Md. Oct. 19, 2009), *aff'd,* 395 Fed. Appx. 40 (4th Cir. 2010). To the extent Tatum seeks damages from DPSCS and its staff on the same theory, he is collaterally estopped. *See, e.g., Ali v. Jeng,* 86 F.3d 1148 (4th Cir. 1996) (plaintiff should not be allowed to "bring piece-meal litigation by naming different defendants and alleging new causes of action, when all of his claims arise from the

2

work assignments have caused him "severe" injury. ECF No. 20.

On September 15, 2010, Tatum sued the Defendants seeking monetary damages. ECF No. 1. On February 2, 2011, the Defendants moved to dismiss or for summary judgment. ECF No. 18.

II. Analysis

    A.    Standard of Review

Under Rule 56(a), summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering the motion, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in h[is] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but it also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).[3]

---

same operative facts.").

[3] Under Fed. R. Civ. P. 56(c) :

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions,

3

B.  Defendants' Motion

The Defendants argue that summary judgment should be granted on Tatum's claims because he has not shown that they were deliberately indifferent to his medical needs. Defs.' Mem. Supp. 15-16. To succeed on an Eighth Amendment claim alleging a denial of medical care, an inmate must show that prison personnel were deliberately indifferent to his serious medical condition. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Prison personnel "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id.* at 837. To succeed on a § 1983 claim for damages, Tatum must show that he suffered a serious injury because of the Defendants' conduct. *Lawrence v. Va. Dep't of Corrections*, 308 F. Supp. 2d 709 720 (E.D. Va. 2004).

Tatum has no evidence that Copes-Parker or Sowers were deliberately indifferent to his medical condition. Rather, the undisputed evidence is that Copes-Parker conferred with Dr. Berhane before assigning Tatum to custodial duty, and Sowers explained to Tatum that his "no

---

documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Bouchat*, 436 F.3d at 519 (emphasis in original).

work" order was outdated, and advised him that he could request a new medical evaluation. ECF No. 18, Exs. A & C. There is no evidence that his assignment to custodial duty violated a medical order, or that Tatum was injured by the assignment.[4] The Defendants' motion will be granted.[5]

III. Conclusion

For the reasons stated above, the Defendants' motion to dismiss or for summary judgment will be granted.

Date: 4/27/11

William D. Quarles, Jr.
United States District Judge

---

[4] Although it is undisputed that Tatum received a 10-day cell restriction on December 16, 2008 because he refused to work, a 10-day cell restriction alone is not an atypical hardship implicating a protected constitutional interest. *See Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997); *Bonaparte v. Fried*, 2010 WL 290377, at *3 (D. Md. Jan. 10, 2010)("placement in segregation d[oes] not comparatively constitute the type of hardship necessary to give rise to a liberty interest in avoiding such placement.").

[5] The claim against DPSCS will be dismissed because DPSCS is a state agency immune from suits for monetary damages under the Eleventh Amendment. *Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).
   DPSCS is also not a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989).